# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT M. HOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-2518-WEB-KGG |
| | ) | |
| VIRTUAL INVENTORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF DENIAL OF IFP STATUS

In conjunction with his federal court Complaint, Plaintiff Robert M. Holton filed a Motion to Proceed Without Prepayment of Fees (IFP Application) with attached affidavit of financial status. (Doc. 2, sealed; Doc. 2-1, sealed.) Having reviewed Plaintiff's submissions, including his Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See* **Yellen**

*v. Cooper*, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his affidavit, Plaintiff, who is 67-years-old, states he is married and has no dependents. He is currently employed part-time, receiving a modest monthly wage. (Doc. 2-1, sealed, at 2.) His wife is retired. (*Id*., at 3.) He does, however, list significant amounts for weekly unemployment benefits, monthly Social Security benefits, and a pension payment. (*Id*., at 4-5.)

Plaintiff owns two vehicles out right with significant residual value. (*Id*., at 4.) He also lists a substantial amount of cash on hand and a large 401(k) account. (*Id*., at 4-5.) He and his wife own a reasonably valued home, in which they have a large amount of equity and a small monthly mortgage payment. (*Id*., at 3-4, 5.) He lists reasonable amounts for monthly expenses, including gas, utilities, insurance, and a small consumer debt. (*Id*., at 5-6.) Plaintiff lists a robust $1050.00 as his monthly grocery expenditure. (*Id*.)

Based on the information contained in Plaintiff's financial affidavits, his monthly income far exceeds his listed monthly expenses. This is in addition to the significant amount of cash on hand and other assets listed by Plaintiff. As such, the Court finds that he is more than capable of paying the requisite filing fee. Under these circumstances, the undersigned Magistrate Judge recommends that Plaintiff's motion for *IFP* status be **DENIED**.[1]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2, sealed) be **DENIED**.

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. **Lister v. Department of Treasury**, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 18th day of October, 2010.

          S/ KENNETH G. GALE
          KENNETH G. GALE
          United States Magistrate Judge